UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

VIOLET RAMIREZ, Plaintiff,

v.

CITY OF STOCKTON, et al., Defendants.

1:07-cv-01371-OWW-SMS

ORDER DIRECTING PLAINTIFF TO SUBMIT WITHIN THIRTY DAYS OF SERVICE OF THIS ORDER A CERTIFICATION REGARDING THE AVERAGE MONTHLY BALANCE AND THE AVERAGE MONTHLY DEPOSITS IN HER TRUST ACCOUNT FOR THE SIX MONTHS PRECEDING THE FILING OF THE COMPLAINT

ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO FILE AN AMENDED COMPLAINT NO LATER THAN THIRTY DAYS AFTER THE DATE OF SERVICE OF THIS ORDER (DOC. 1)

Plaintiff is a state prisoner proceeding pro se with an action for damages and other relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

I. Additional Orders regarding Plaintiff's in Forma Pauperis Status

On October 5, 2007, the Court granted Plaintiff's motion to proceed in forma pauperis. However, the Court did not address

whether an initial partial filing fee would be assessed. Further, the Court has not yet directed the California Department of Corrections to collect and forward monthly payments of the filing fee pursuant to 28 U.S.C. § 1915(b).

Review of the application reveals that Plaintiff failed to comply with the mandate of 28 U.S.C. § 1915(b) in that she failed to have an authorized officer at the institution where she is incarcerated certify the average monthly balance in Plaintiff's trust account during the six months before the filing of the complaint on September 19, 2007, and the average of monthly deposits to Plaintiff's account during that six-month period. This information is necessary in order for the Court to determine what amount of initial partial filing fee to assess.

Accordingly, Plaintiff will be ordered to file a certification of an authorized officer as to the average monthly balance in Plaintiff's trust account during the six months before the filing of the complaint on September 19, 2007, and the average of monthly deposits to Plaintiff's account during that six-month period. Thereafter, the Court will proceed to assess an initial partial fee.

Further, 28 U.S.C. § 1915(b)(2) provides that after the payment of the initial partial filing fee, the prisoner shall be required to make monthly payments of twenty per cent of the preceding month's income credited to the prisoner's account; the agency with custody shall forward payments from the prisoner's account to the clerk of the court each time the amount in the account exceeds $10.00 until the filing fees are paid.

Review of Plaintiff's application to proceed in forma

pauperis reveals that Plaintiff had some funds in her account. Therefore, while awaiting Plaintiff's submission of the required information as detailed above, the Court will order Plaintiff's custodian to forward payments from Plaintiff's account to the clerk of the court each time the amount in the account exceeds $10.00 until the $350.00 filing fee is paid.

II. Screening the Complaint

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Court determines that an allegation of poverty is untrue or that the action is 1) frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it

appears beyond doubt that the Plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners' Ass'n., Inc., 651 F.2d 1289, 1294 (9th Cir. 1981). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. Lopez v. Smith, 203 F.3d at 1128.

A claim is frivolous if it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. Id. A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Id.

The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains

disrespectful references to the Court, id.; or if it contains untrue material allegations of fact or false statements made with knowledge and an intent to deceive the Court, Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984).

Plaintiff sues the city of Stockton and Police Officers W. Grinder and J. Aguilar for compensatory, punitive, and nominal damages. Plaintiff alleges that in April 2003 they violated her son's civil rights while working under color of law by engaging in a speed chase of a third-party suspect and causing the death of Plaintiff's son. Plaintiff submits supporting documents attached to her application to proceed in forma pauperis[1]. Plaintiff expressly states:

> Officer Grinder and Officer Aguilar violated my sons (sic) civil rights while working under the color of law by way of a high way speed chase causing a wrongful death of an innocent citizen. The afforementioned (sic) officers violated the Eighth U.S.C.A. by causation of an indifference that was deliberate by pursuit of suspects who fatally crashed into my son's vehicle whom (sic) was not a suspect but an innocent victim. The City of Stockton is also liable on the basis of sufficient policy of deliberate indifference in training existing.

(Cmplt. at p. 3.)

It appears that Plaintiff is attempting to state a claim regarding an alleged violation of her son's civil rights that caused his death.

---

[1] The documents are copies of the claim filed by the decedent's sister with the City of Stockton and the city's denial of the claim. These documents appear to be pertinent to the allegations of the complaint and do not appear to relate to the application to proceed in forma pauperis. Further, the complaint expressly refers to Plaintiff's daughter's having filed a claim or complaint, and the City's denying it. Thus, the Court will consider the documents as part of the complaint for the purpose of screening the complaint.

A. Plaintiff's Standing to Assert a Violation of Her Deceased Son's Civil Rights

Plaintiff is clearly suing for a violation of her son's constitutional rights; no mention is made of any violation of Plaintiff's own rights.

It is established that a claim under 42 U.S.C. § 1983 survives the decedent if the claim accrued before the decedent's death, and if state law authorizes a survival action. Tatum v. City and County of San Francisco, 441 F.3d 1090, 1094 n. 2 (9th Cir. 2006) (citing 42 U.S.C. § 1988(a) and Moreland v. Las Vegas Metro. Police Dept., 159 F.3d 365, 369 (9th Cir. 1998)).

Under California law, if an injury giving rise to liability occurs before a decedent's death, then the claim passes to the decedent's successor in interest. Id. (citing Cal. Civ. P. Code § 377.30). Cal. Civ. P. § 377.30 provides that the claim may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest. Section 377.11 provides that for purposes of the chapter, the successor in interest means the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action. Cal. Civ. P. Code § 377.10 provides that for purposes of the chapter, a beneficiary of the decedent's estate means that if the decedent died leaving a will, the sole beneficiary or all of the beneficiaries who succeed to a cause of action, under the will; if the decedent died without leaving a will, the sole person or all the persons who succeed to a cause of action, or to a particular item of property that is the subject of the cause of

action, under section 6401 and 6402 of the Probate Code, or pursuant to the law of a sister state or foreign nation if that law governs. Cal. Prob. Code §§ 6401 and 6402 provide in substance that the intestate succession in California with respect to separate property is first to the surviving spouse or domestic partner, or among the spouse and specified family members; the share not going to a surviving spouse passes first to surviving issue; but if no surviving issue, then to the decedent's parent or parents equally.

The party seeking to bring a survival action bears the burden of demonstrating that a particular state law authorizes a survival action and that the plaintiff meets that state's requirements for bringing a survival action. Moreland v. Las Vagas Metropolitan Police Dept., 159 F.3d 365, 369 (9th Cir. 1998).

Here, Plaintiff has alleged that she is the mother of the decedent; it is also alleged that the decedent had a sister. (Cmplt. pp. 2, 3.) The complaint does not address whether or not the decedent left a will or its terms; there are no allegations concerning whether the decedent left a surviving spouse, domestic partner, or issue. However, Plaintiff will be given an opportunity to allege facts showing that she qualifies as a beneficiary or successor in interest to the decedent.

B. Civil Rights Claim for Deliberately Indifferent High-Speed Chase

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]... subjects, or causes to be subjected, any citizen of the United States... to the deprivation of any rights, privileges, or immunities secured by the

> Constitution... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To state a claim pursuant to § 1983, a plaintiff must plead that defendants acted under color of state law at the time the act complained of was committed and that the defendants deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986).

The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Services, 436 U.S. 658, (1978); Rizzo v. Goode, 423 U.S. 362 (1976).

Plaintiff appears to allude to the Eighth Amendment. However, it does not appear that the decedent was in custody at the time of the allegedly wrongful conduct; it was not alleged that the decedent was detained by law enforcement. The Eighth Amendment applies only after conviction and sentence, i.e., to convicted prisoners, and does not apply to pretrial detainees. Lee v. City of Lost Angeles, 250 F.3d 668, 686 (9th Cir. 2001); Gary H. v. Hegstrom, 831 F.2d 1430, 1432 (9th Cir. 1987); Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986). It thus does not appear that the decedent's Eighth Amendment rights were violated because the decedent was not seized, arrested, or in custody simply by virtue of the chase or the collision. County of Sacramento v. Lewis, 523 U.S. 833, 843-44 (1998).

It is established, however, that one has a substantive due

process right, protected by the Fifth and Fourteenth Amendments, to be free from clearly arbitrary and unreasonable governmental action that has no substantial relation to the public health, safety, morals, or general welfare. See, County of Sacramento v. Lewis, 523 U.S. 833, 840 (1998). The touchstone for a violation of substantive due process based on executive action is conduct of a governmental officer that is so egregious and so outrageous that is may fairly be said to shock the contemporary conscience. County of Sacramento v. Lewis, 523 U.S. 833, 847 (1998). However, in a suit by the parents of a motorcycle passenger killed in a high-speed police chase of a motorcyclist, it was held that no claim for denial of the passenger's substantive due process right to life was stated where there was no intent or purpose to cause harm, unrelated to the legitimate object of arrest, to suspects physically or to worsen their legal plight. County of Sacramento v. Lewis, 523 U.S. 833, 853-54 (1998). Allegations of recklessness, gross negligence, or conscious disregard for safety are insufficient. Id. at 854. This standard has been held to be applicable even to innocent third persons injured by the suspect in a high-speed law enforcement chase. Onossian v. Block, 175 F.3d 1169, 1171 (9th Cir. 1999) (where motorists whose vehicle was struck by a fleeing suspect sued for violation of their due process rights, the court held that the officers' actions did not shock the conscience).

Here, Plaintiff alleges only the "causation of an indifference that was deliberate," or deliberate indifference; Plaintiff does not allege facts indicating that any harm was intended. Therefore, Plaintiff has failed to state a claim for a

violation of her son's rights under § 1983.

D. City of Stockton as a Defendant

Plaintiff sues for damages and has named the City of Stockton as a defendant. However, Plaintiff does not allege facts concerning any conduct engaged in by that entity, other than to state somewhat cryptically that the city was liable "on the basis of sufficient policy of deliberate indifference in training existing." (Cmplt. p. 3.) The Court notes that a local governmental unit may not be held responsible for the acts of its employees under a respondeat superior theory of liability; a municipality could be liable for its own actions in the nature of policy or customs. See, Bd. of County Commissioners v. Brown, 520 U.S. 397, 403 (1997). However, Plaintiff has not alleged facts sufficient to describe what the policy or custom was. Thus, the complaint does not state a claim against the municipality as a defendant.

E. Officers and City as Defendants

Plaintiff sues the individual officers as well as the city that employed them. The Court notes that Plaintiff has not stated whether she is suing the officer defendants in their individual or official capacities. Plaintiff will have an opportunity to specify the capacity or capacities in which she sues Defendants in an amended complaint.

For the purpose of securing a useful amended complaint, the Court notes that a suit against a governmental officer in his official capacity is equivalent to a suit against the governmental entity itself. Mitchell v. Dupnik, 75 F.3d 517, 527 (9th Cir. 1996). When officers in their official capacity and the

local government entity for whom they work are both named in a lawsuit, the officers in their official capacity are redundant defendants and may be dismissed in that capacity. Wisler v. City of Fresno, 2007 U.S.Dist. LEXIS 18666, *19 (E.D.Cal. 2007); Luke v. Abbott, 954 F.Supp.2d 202, 203-04 (C.D.Cal. 1997).

III. Amendment of the Complaint

In summary, the Court finds it necessary to dismiss the complaint in its entirety. Plaintiff has failed to state a cognizable claim against the defendants and has failed to plead facts demonstrating jurisdiction in this Court. However, it is possible that Plaintiff can allege a set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. Thus, the Court will grant Plaintiff an opportunity to amend the complaint to cure the deficiencies of this complaint. Failure to cure the deficiencies will result in dismissal of this action without leave to amend.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id.

An amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded

pleading," Local Rule 15-220. Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, it IS ORDERED that:

1) Plaintiff SHALL FILE a certification of an authorized officer as to the average monthly balance in Plaintiff's trust account during the six months before the filing of the complaint on September 19, 2007, and the average of monthly deposits to Plaintiff's account during that six-month period; and

2) Plaintiff's complaint IS DISMISSED with leave to amend; and

3) Plaintiff IS GRANTED thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the pertinent substantive law, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; failure to file an amended complaint in accordance with this order will be considered to be a failure to comply with an order of the Court pursuant to Local Rule 11-110 and will result in dismissal of this action.

IT IS SO ORDERED.

**Dated: October 16, 2007** **/s/ Sandra M. Snyder**
UNITED STATES MAGISTRATE JUDGE