UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VIOLET RAMIREZ,<br><br>           Plaintiff,<br><br>   v.<br><br>CITY OF STOCKTON, et al.,<br><br>           Defendants. | 1:07-cv-01371-OWW-SMS<br><br>FINDINGS AND RECOMMENDATION TO DISMISS ACTION WITH PREJUDICE FOR FAILURE TO FOLLOW A COURT ORDER, FAILURE TO PROSECUTE, AND FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED (DOCS. 1, 5) |

Plaintiff is a state prisoner proceeding pro se with an action for damages and other relief concerning alleged civil rights violations. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

II. Screening the Complaint

The Court must screen complaints brought by prisoners seeking relief against a governmental entity or officer. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the Court determines that an allegation of poverty is untrue or that the action is 1) frivolous or malicious, 2) fails to state a claim upon which relief may be granted, or 3) seeks

monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b), 1915(e)(2).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Trustees of Rex Hospital, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the Plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners' Ass'n., Inc., 651 F.2d 1289, 1294 (9th Cir. 1981). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. Lopez v. Smith, 203 F.3d at 1128.

A claim is frivolous if it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A frivolous claim is based on an inarguable legal conclusion or a

2

1  fanciful factual allegation. Id. A federal court may dismiss a
2  claim as frivolous if it is based on an indisputably meritless
3  legal theory or if the factual contentions are clearly baseless.
4  Id.

5    The test for malice is a subjective one that requires the
6  Court to determine whether the applicant is proceeding in good
7  faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46
8  (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir.
9  1986). A lack of good faith is most commonly found in repetitive
10 suits filed by plaintiffs who have used the advantage of cost-
11 free filing to file a multiplicity of suits. A complaint may be
12 inferred to be malicious if it suggests an intent to vex the
13 defendants or abuse the judicial process by relitigating claims
14 decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309
15 (D.C.Cir. 1981); if it threatens violence or contains
16 disrespectful references to the Court, id.; or if it contains
17 untrue material allegations of fact or false statements made with
18 knowledge and an intent to deceive the Court, Horsey v. Asher,
19 741 F.2d 209, 212 (8th Cir. 1984).

20    II. Plaintiff's Failure to Comply with the Court's Order
21    On October 17, 2007, the Court issued an order dismissing
22 Plaintiff's complaint with leave to amend and directing Plaintiff
23 to file a first amended complaint within thirty days after the
24 date of service of the order. The order was served on Plaintiff
25 by mail on October 17, 2207. Well over thirty days, and almost
26 sixty days, have passed, but Plaintiff has neither filed an
27 amended complaint nor sought an extension of time within which to
28 do so.

Local Rule 11-110 provides that "...failure of counsel or of a party to comply with these Local Rules or with any order of the Court may be grounds for the imposition by the Court of any and all sanctions...within the inherent power of the Court." District courts have the inherent power to control their dockets and "in the exercise of that power, they may impose sanctions including, where appropriate...dismissal of a case." Thompson v. Housing Auth., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring

4

disposition of cases on their merits; and (5) the availability of less drastic alternatives. Thompson, 782 F.2d at 831; Henderson, 779 F.2d at 1423-24; Malone, 833 F.2d at 130; Ferdik, 963 F.2d at 1260-61; Ghazali, 46 F.3d at 53.

In this case, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal, as the case has been pending since September 2007. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor -- public policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik v. Bonzelet, 963 F.2d at 1262; Malone, 833 at 132-33; Henderson, 779 F.2d at 1424. The Court's order requiring Plaintiff to file an amended complaint expressly stated in pertinent part that "failure to file an amended complaint in accordance with this order will be considered to be a failure to comply with an order of the Court pursuant to Local Rule 11-110 and will result in dismissal of this action." Thus, Plaintiff received adequate warning that dismissal would result from his noncompliance with the Court's order.

III. Recommendation

Accordingly, the Court HEREBY RECOMMENDS that this action be

5

DISMISSED, with prejudice, pursuant to Local Rule 11-110 for Plaintiff's failure to comply with the Court's order, and, for the reasons stated in the Court's order of October 17, 2007, for failure to state a claim upon which relief may be granted.

    These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within thirty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   December 11, 2007**           /s/ Sandra M. Snyder
                                                   UNITED STATES MAGISTRATE JUDGE